## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PARIS PENA LEE,

     Plaintiff,

v.                                                                     Civ. No. 22-960 WJ/GBW

CITY OF LAS CRUCES, *et al.*,

     Defendants.

### PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned pursuant to the Honorable Judge

Johnson's order of reference (*doc. 90*) on Plaintiff's Second Motion for Leave to Amend

the Pleadings ("Second Motion to Amend") (*doc. 68*).  Having reviewed the parties'

briefing (*docs. 68, 73*), and being fully advised, I RECOMMEND that the Court DENY

Plaintiff's Second Motion to Amend.

### I.    PROCEDURAL BACKGROUND

This case arises from the arrest of Paris Pena Lee ("Plaintiff") on October 2, 2021.

*See generally doc. 39*.  Plaintiff filed her Complaint for Damages under the New Mexico

Tort Claims Act ("Original Complaint") in state court on November 16, 2022, against

the City of Las Cruces, Andrew Lazarin, Christopher Baker, Alexis Rodriguez, Christian

Vitale, and Andrew Walker[1] (collectively, the "Defendants").  *Doc. 1-1*.  Defendants

---

[1] Andrew Walker has since been dismissed from this lawsuit.  *See doc. 39*.

1

removed the case to federal court on December 18, 2022.  *Doc. 1*.  On March 10, 2023, I

issued an Order Setting Pretrial Deadlines and Briefing Schedule, setting the deadline

for Plaintiff to amend pleadings and/or join additional parties as April 15, 2023.  *Doc. 12*

at 1.  On August 4, 2023, Plaintiff filed her First Amended Complaint.[2]  *Doc. 39*.

Plaintiff's First Amended Complaint asserts claims against Defendants under the New

Mexico Constitution, the New Mexico Tort Claims Act[3], the Federal Constitution, and

the Americans with Disabilities Act.  *See generally doc. 39*.

On September 1, 2023, I granted the parties' Joint Motion to Extend Pretrial

Deadlines and Briefing Schedule.  *Doc. 46*.  In that Order, I extended the termination

date for discovery to October 5, 2023, the filing deadline for discovery-related pretrial

motions to October 20, 2023, and the deadline for pretrial motions other than discovery

motions to November 6, 2023.  *Id*. at 1.  The deadline for the amendment of pleadings

was unchanged.  *Id*. at 2.  On October 3, 2023, two days before the close of discovery,

Plaintiff filed her Second Motion to Amend.  *Doc. 68*.  Defendants filed their response on

October 17, 2023.  *Doc. 73*.  Plaintiff's reply would have been due on October 31, 2023,

but none was filed.  Therefore, briefing is complete.  D.N.M.LR-Civ. 7.1(b) ("The failure

---

[2] Plaintiff's Motion to Amend was unopposed.  *Doc. 35*.
[3] On November 16, 2023, the Court granted City Defendants' Unopposed Motion for Judgment on the Pleadings on Plaintiff's New Mexico Tort Claims Act Punitive Damages Claims.  *Doc. 82*.

to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

## II.    LEGAL STANDARD

Because Plaintiff missed the scheduling order deadline, she "must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted).  Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This standard "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch*, 771 F.3d at 1240 (internal quotation marks and brackets omitted).  "This . . . means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  For example, an adequate explanation exists where "a [party] learns new information through discovery or if the underlying law has changed." *Gorsuch,* 771 F.3d at 1240; *see also March v. Raabe*, 2023 WL 3092881, at *3 (D.N.M. Apr. 26, 2023) (granting motion for leave to amend where the plaintiff demonstrated diligence in seeking to amend the complaint with new evidence uncovered during discovery).  By contrast, there is no adequate explanation where the movant "knew of the underlying conduct but simply failed to raise [their] claims."

3

*Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotation omitted).

"Courts are 'afforded wide discretion' in their application of the good cause standard under Rule 16." *Vazirabadi v. Denver Pub. Schs.*, 820 F. App'x 805, 809 (10th Cir. 2020) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)). If the moving party lacks good cause to amend their pleadings after the scheduling order deadline, the Court need not consider the Rule 15(a) issue. *Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) issue where plaintiffs failed to demonstrate good cause).

## III. ANALYSIS

Plaintiff requests the Court enter an order allowing her to amend her First Amended Complaint based on information ascertained during discovery. *See generally doc. 68*. Specifically, Plaintiff asserts that information stemming from both (1) depositions of witnesses from the Las Cruces Fire Department ("LCFD"), and (2) Mesilla Valley Regional Dispatch Authority ("MVRDA") dispatch records which were first provided to Plaintiff in Defendant's Initial Disclosures on February 27, 2023, warrant amendment to her First Amended Complaint.[4] *Doc. 68* ¶¶ 4, 7. Plaintiff alleges that based on the facts gathered from the depositions of three LCFD responders,

---

[4] In their Rule 26(a)(1) Initial Disclosures, Defendants produced two documents and one audio recording related to Mesilla Valley Regional Dispatch Authority ("MVRDA"): (1) a document authenticating records, (2) the Computer Aided Dispatch ("CAD") report identifying each dispatcher who communicated with eyewitnesses and Las Cruces Police Department officers, and (3) an audio recorded by MVRDA in relation to Plaintiff's arrest. *Doc. 73* at 3; *Doc. 73-1* at 2.

"undersigned counsel reviewed the information available as to the basis of the call and discovered that the way [MVRDA] dispatchers sent out emergency personnel was the seed from which the rest of the violations of Plaintiff's rights stemmed." *Id*. ¶ 4. Additionally, Plaintiff states that she wishes to bring claims against MVRDA "based on information ascertained in the dispatch records." *Id*. ¶ 7.  Plaintiff's Proposed Second Amended Complaint includes new facts, adds MVRDA as a defendant, asserts claims against MVRDA under the Americans with Disabilities Act ("ADA") for discrimination due to disability, failure to make reasonable accommodations, and failure to train and/or supervise officers, and adds an additional ADA claim against Defendant Lazarin and Defendant Baker for failure to make reasonable accommodations.[5] *Compare doc. 39 and doc. 68-1.*

Plaintiff does not state why good cause exists to warrant an amendment to her First Amended Complaint.  Rather, Plaintiff simply asserts that, "[t]here is good cause to allow Plaintiff to amend her complaint." *Doc. 68* ¶ 8.  Plaintiff also claims, without explanation, that allowing amendment would not prejudice Defendants or significantly delay the proceedings. *Id*. ¶¶ 8-9.  Plaintiff concludes  that it is "in the best interest of

---

[5] Plaintiff's Proposed Second Amended Complaint also asserts a new claim of intentional infliction of emotional distress under the New Mexico Tort Claims Act ("NMTCA") against Defendant Lazarin, Defendant Baker, and Defendant Vitale. *Doc. 68-1* at 24.  However, as mentioned above, following the filing of Plaintiff's Second Motion to Amend, the Court granted City Defendants' *Unopposed* Motion for Judgment on the Pleadings on Plaintiff's NMTCA Punitive Damages Claims. *Doc. 82*.  Because Plaintiff has already consented to dismissing her NMTCA claims, I will not discuss Plaintiff's new NMTCA claim in the Proposed Second Amended Complaint.

justice to allow Plaintiff to amend her complaint to include MVRDA in this matter." *Id.*

¶ 11.

Defendants contend that Plaintiff has failed to establish that good cause exists to

allow filing of the Proposed Second Amended Complaint. *Doc. 73* at 7-10. Specifically,

Defendants argue that Plaintiff has not acted diligently to comply with the Court's

deadline because the claims and new party which Plaintiff seeks to add could have, and

should have, been included in Plaintiff's Original Complaint or First Amended

Complaint. *Id.* at 8. Defendants assert that Plaintiff could have brought her new ADA

claim against Defendant Lazarin and Defendant Baker in her First Amended Complaint

on August 4, 2023, because Plaintiff does not argue and cannot establish that she

learned new information to support that claim during discovery. *Id.* at 9. Additionally,

Defendants assert that Plaintiff could have joined MVRDA as a defendant long before

the Court's April 15, 2023, deadline to join additional parties and before August 4, 2023

– the date Plaintiff filed her First Amended Complaint – because Plaintiff has been in

possession of the MVRDA dispatch records since Defendants submitted their Initial

Disclosures on February 27, 2023. *Id.* Defendants also argue that amendment would

cause significant delay of the proceedings and prejudice to Defendants. *Id.* at 10-12.

Defendants' arguments are persuasive, and I find that Plaintiff fails to establish

good cause. Plaintiff makes no effort to explain why good cause exists warranting the

filing of her Proposed Second Amended Complaint, and she did not file a reply in

response to Defendants' well-taken arguments.  *See* Order Denying Plaintiff's Motion for Leave to Amend, *Hooten v. Ikard Servi Gas, et al.*, No. 2:11-cv-00743-LH-GBW, *doc. 35* (D.N.M. June 15, 2012) (finding lack of good cause because the plaintiff did not address the question of whether good cause exists).  Indeed, Plaintiff has failed to establish good cause because she has not provided an adequate explanation for: (1) how she learned new information during discovery warranting the addition of a new ADA claim against Defendant Lazarin and Defendant Baker, and (2) her delay in adding MVRDA as a defendant.  *See Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2006) ("The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements.") (citations omitted).  First, Plaintiff does not argue or explain how she learned new information during discovery warranting the additional ADA claim of failure to make reasonable accommodation against Defendant Lazarin and Defendant Baker.  Second, Plaintiff wishes to add MVRDA as a defendant "based on the information ascertained in the dispatch records" but fails to explain why she did not do so diligently after February 27, 2023 – the date she obtained the MVRDA dispatch records.  Plaintiff's lack of diligence in seeking to add MVRDA based on information ascertained in February is apparent.

Plaintiff had an additional opportunity to add the newly proposed ADA claim and MVRDA as a defendant when she filed her unopposed First Amended Complaint on August 4, 2023.  Plaintiff fails to explain why she did not do so then.  Plaintiff also

fails to explain why she did not request an extension to amend the pleadings and/or join additional parties after she received the MVRDA dispatch records in February.  Instead, Plaintiff waited until two days before the close of discovery to attempt to add new claims and a new party without proper explanation.  Plaintiff's conclusory allegation that she learned information about how MVRDA dispatchers sent out emergency personnel to the scene of Plaintiff's arrest after "review of information available as to the basis of the call" is insufficient to demonstrate good cause.  *See Pathak v. FedEx Trade Networks T & B Inc.*, 2018 WL 367414, at *2 (D. Colo. Jan. 11, 2018) (finding a lack of good cause where plaintiff stated conclusory allegation that he learned new information about the totality of the circumstances); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015) (finding that the district court did not err in denying leave to amend, in part because, the plaintiff's statements were "in most cases vague, confusing, conclusory, and unsupported by record evidence"); *see also Butler Nat'l Serv. Corp. v. Navengante Grp., Inc.*, 2011 WL 941017 at *2-3 (D. Kan. Mar. 16, 2011) (finding that the plaintiff failed to establish good cause to amend the scheduling order, because the plaintiff "d[id] not point to a single, specific piece of information supporting its proposed fraud claim that [the plaintiff] obtained through discovery conducted after the deadline to amend pleadings. Instead, [the plaintiff] ma[de] general statements that it learned additional information through discovery which now allows it to 'connect the dots'").

Plaintiff fails to demonstrate diligence in seeking to amend her complaint and has provided an inadequate explanation for her delay. Thus, Plaintiff has failed to show good cause. Having concluded that Plaintiff has not demonstrated good cause for the delay in filing her Second Motion to Amend, I need not consider the Rule 15(a) issue. *Gorsuch*, 771 F.3d at 1242.

## IV.   CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY Plaintiff's Second Motion for Leave to Amend the Pleadings (*doc. 68*).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**